IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALONZO HOWARD, | ) |
|    Plaintiff, | ) |
| v. | ) CASE NO. 2:20-CV-969-ECM-KFP |
| STATE OF ALABAMA DEPARTMENT OF TRANSPORTATION, et al., | ) |
|    Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Alonzo Howard, appearing pro se, brings this suit against Defendants Alabama Department of Transportation ("ALDOT") and Alabama State Personnel Department ("SPD"), alleging someone[1] failed to hire him because of his race in violation of Title VII. Doc. 11. Defendants have each filed a motion to dismiss (Docs. 16, 18), and Plaintiff has filed a response (Doc. 20). Upon review of the parties' submissions, and for the reasons set forth below, the undersigned RECOMMENDS that SPD's motion (Doc. 18) be GRANTED; ALDOT's motion (Doc. 16) be construed as a motion for a more definite statement and be GRANTED to that extent; and the pro se Plaintiff be given one more opportunity to file an amended complaint to cure his pleading deficiencies.

---

[1] As will be discussed below, Plaintiff does not identify who allegedly discriminated against or failed to hire him.

**I.     BACKGROUND**

On July 5, 2016, Plaintiff filed a Charge of Discrimination with the EEOC alleging that, at some point between "1992-1995" and "2009-2015," ALDOT failed to hire him for the positions of "Painter of Signs, Utility Worker, [and] Engineer Assistant" because of his race.[2] Doc. 16-1. On September 24, 2020, the EEOC issued Plaintiff a Dismissal and Right to Sue letter. Doc. 1-1.

On November 24, 2020 (within the requisite 90-day filing period), Plaintiff initiated this action by filing a standard form "EEOC Complaint," which appears to name only ALDOT as a defendant.[3] Doc. 1. On December 1, 2020, Plaintiff filed an Amended Complaint, which names "US Department of Transportation and State of Alabama" as defendants. Doc. 2. On April 28, 2021, the undersigned ordered Plaintiff to file a Second Amended Complaint clarifying which entity or entities Plaintiff intends to sue—"the Alabama Department of Transportation, the State of Alabama, another state entity, the U.S. Department of Transportation, or some combination of these entities." Doc. 9. On May 13, 2021, Plaintiff filed his Second Amended Complaint, naming ALDOT and SPD as defendants. Doc. 11.

---

[2] Generally, an EEOC Charge must be filed within 180 days of the alleged unlawful employment practice. 42 U.S.C. § 2000e–5(e). However, the parties do not appear to dispute that Plaintiff was a former class member in the decades-long class action *Johnny Reynolds v. The Alabama Department of Transportation*, Case No. 2:85-CV-665 (M.D. Ala.). All claims asserted by the Hiring Class in that action were tolled until January 2016. *See* Case No. 2:85-CV-665 (M.D. Ala.), Doc. 9149.

[3] The case caption of the Initial Complaint names only "State of Alabama Department of Transportation" as a defendant. Doc. 1 at 1. However, where the Initial Complaint requires Plaintiff to list "Defendant(s) name(s)," Plaintiff states, "Candace Whetstone — Christopher Weller." *Id.*

In his Second Amended Complaint, which is also a standard form EEOC Complaint, Plaintiff indicates that he is bringing this action under Title VII. *Id.* at 1. He indicates that, at some point between "1992-1995 and 2009-2015," he was not hired based on his race. *Id.* at 1-2. In support of his purported Title VII claim, he states a single allegation: "I was never given serious consideration for employment opportunities [a]nd was never hired for any positions." *Id.* at 2. Notably, the Second Amended Complaint does not identify where or with whom Plaintiff sought employment opportunities or who allegedly discriminated against him; although the form prompts Plaintiff to state "[t]he name(s), race, sex, and the position or title of the individual(s) who allegedly discriminated against [him]," Plaintiff left that section blank. *Id.* As relief, he seeks recovery of back pay. *Id.* at 3.

## II.    LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While detailed factual allegations are not required, a plaintiff must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555 (noting that, although a court must accept all factual allegations in a complaint as true at the motion to dismiss stage, it need not "accept as true a legal conclusion couched as a factual allegation")).

## III. DISCUSSION

### A. SPD's Motion to Dismiss

In its motion, SPD argues that Plaintiff has failed to state a claim against SPD upon which relief can be granted. Doc. 18. SPD correctly notes that Plaintiff has failed to allege any facts whatsoever regarding SPD. Instead, the Second Amended Complaint states only that Plaintiff "was never given serious consideration for employment opportunities" and "was never hired for any positions." Doc. 11 at 2. Plaintiff's underlying EEOC Charge also contains no allegations against SPD; it alleges only that "Alabama Department of Transportation failed to hire [him]."[4] Doc. 16-1.

---

[4] Both Defendants reference Plaintiff's underlying EEOC Charge in their motions to dismiss, and ALDOT attached the EEOC Charge to its motion. Doc. 16-1. The Court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim(s) and (2) undisputed. *See Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002) ("[A] document attached to a motion to dismiss may be considered by the court without converting the motion into one for summary judgment only if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed.[] 'Undisputed' in this context means that the authenticity of the document is not challenged."). Plaintiff's EEOC Charge is central to his discrimination claim(s), and he does not dispute the document's authenticity.

4

Importantly, SPD and ALDOT are separate and distinct public entities. *See Lyes v. City of Riviera Beach, Fla.*, 166 F.3d 1332, 1344 (11th Cir. 1999) ("We think that where a state legislative body creates a public entity and declares it to be separate and distinct, that declaration should be entitled to a significant degree of deference, amounting to a presumption that the public entity is indeed separate and distinct for purposes of Title VII."). As such, Plaintiff has failed to state any allegations against SPD whatsoever, and he has therefore failed to state a claim against SPD upon which relief can be granted. Accordingly, any purported claims against SPD should be DISMISSED.[5]

### B. ALDOT's Motion to Dismiss

In its motion, ALDOT also argues that Plaintiff has failed to state a claim upon which relief can be granted. Doc. 16. Specifically, ALDOT claims the Second Amended Complaint fails to set forth facts that meet the plausibility standard under *Iqbal* and *Twombly*.[6] For the reasons set forth below, the undersigned agrees.

---

[5] As will be discussed below, the undersigned recommends that Plaintiff be given a chance to amend his Complaint as to ALDOT. However, the Court may properly deny leave to amend when an amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–63 (11th Cir. 2004). Plaintiff's Initial Complaint, First Amended Complaint, Second Amended Complaint, and underlying EEOC Charge all fail to allege any discriminatory conduct on the part of SPD. Thus, any amendment as to SPD in this case would be futile.

[6] ALDOT also argues that Plaintiff's Title VII failure to hire on the basis of race claim is time-barred under a disparate treatment analysis. In support of its argument, ALDOT states:

> During the *Reynolds* class action, the *Reynolds* Hiring Class did not pursue individual disparate treatment claims against ALDOT; rather, the class solely litigated pattern-or-practice and disparate impact hiring in discrimination claims.[] Any claims for individual disparate treatment dating back to *Reynolds* should have been pursued in separately-filed actions within 180 days of the certification of the hiring class at which time the claims of the hiring class were specifically articulated to exclude individual disparate treatment claims.

As with SPD, Plaintiff's Second Amended Complaint contains virtually no allegations supporting a claim against ALDOT. The Second Amended Complaint simply states that, at some point between "1992-1995 and 2009-2015," Plaintiff was not hired based on his race. *See generally* Doc. 11. He alleges only that he was "never given serious consideration for employment opportunities" and "never hired for any positions." *Id.* at 2. This single allegation, alone, is far too vague and conclusory to satisfy Rule 8 of the Federal Rules of Civil Procedure. Plaintiff makes a legal conclusion couched as a factual allegation, omitting any further factual enhancement. *See Iqbal*, 556 U.S. at 678 (citation omitted); *Twombly*, 550 U.S. at 555. The standard complaint form used by Plaintiff specifically instructed him to state "[t]he name(s), race, sex, and the position or title of the individual(s) who allegedly discriminated against [him]," but Plaintiff left that section blank. The complaint form further instructed him to state "the manner in which [those] individual(s) . . . discriminated against [him]," but he stated only that single, conclusory allegation above, which—among other deficiencies—fails to even identify ALDOT as the alleged perpetrator. Doc. 11 at 2.

---

*Id.* at 5-6. In support of its assertion that the *Reynolds* class action did not involve individual disparate treatment claims, ALDOT relies on an October 8, 1986 order granting the *Reynolds* plaintiffs' motion for class certification, which does not appear to expressly mention disparate treatment claims. Case No. 2:85-CV-665 (M.D. Ala.), Doc. 82. However, there are subsequent orders in the *Reynolds* case that expressly mention disparate treatment claims. *See*, *e.g.*, Case No. 2:85-CV-665 (M.D. Ala.), Docs. 339 at 4 (stating, "[t]he plaintiffs contend that [ALDOT's] discrimination is accomplished by a variety of means which involve disparate impact, disparate treatment, or both"); 1333 at 5 (stating that it is defendants' position that "each class member's claim must be proven as required by either disparate treatment or disparate impact theory"); 2741 at 3 (noting that the *Reynolds* plaintiffs "advanced claims based on theories of 'disparate treatment' and 'disparate impact'"). At this juncture, it is not clear to the undersigned that the language in the October 8, 1986 order certifying the *Reynolds* plaintiff class on which ALDOT relies was "specifically articulated to exclude individual disparate treatment claims," as ALDOT contends.

6

Even construing Plaintiff's allegation extremely liberally and assuming ALDOT is the alleged perpetrator, Plaintiff fails to state a discrimination claim. There are two types of actionable discrimination under Title VII: disparate treatment and disparate impact. *Pouyeh v. Bascom Palmer Eye Inst.*, 613 F. App'x 802, 810 (11th Cir. 2015) (citation omitted). Generally, to state a prima facie disparate treatment claim for failure to hire, a plaintiff must show that (1) he was a member of a protected class; (2) he applied and was qualified for a position for which the employer was accepting applications; (3) despite his qualifications, he was not hired; and (4) the position remained open or was filled by another person outside of his protected class. *See id.* (citing *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792 (1973)); *Summerlin v. M&H Valve Co.*, 167 F. App'x 93, 94 (11th Cir. 2006). Although a Title VII complaint need not allege facts sufficient to make out a classic prima facie case under *McDonnell-Douglas*, "it must provide enough factual matter (taken as true) to suggest intentional . . . discrimination." *Id.* (citation omitted). In this case, the Second Amended Complaint does not make clear, among other things, whether Plaintiff is a member of a protected class[7]; whether he was qualified for the position for which he applied; whether ALDOT was accepting applications at that time; or whether, after he was not hired, the position remained open or was filled by another person not within his protected class. He also alleges no facts that suggest that any intentional discrimination occurred.

---

[7] Although the Second Amended Complaint does not identify whether Plaintiff is a member of a protected class, his underlying EEOC Charge states that he believes he was denied hire because of "[his] race, Black." Doc. 16-1.

To state a prima facie disparate impact claim, a plaintiff must demonstrate (1) a specific, facially-neutral employment practice; (2) a significant statistical disparity in the racial composition of employees benefitting from the practice and those qualified to benefit from the practice; and (3) a causal nexus between the practice identified and the statistical disparity. *Lee v. Florida, Dept. of Children & Family Servs.*, 135 F. App'x 202, 204 (11th Cir. 2005) (citing *EEOC v. Joe's Stone Crab, Inc.*, 220 F.3d 1263, 1274 (11th Cir. 2000)). In this case, the Second Amended Complaint fails to allege a facially-neutral employment practice, any statistical disparity in the racial composition of ALDOT's employees, or facts supporting a causal nexus. Thus, the Second Amended Complaint fails to state a discrimination claim against ALDOT under either disparate treatment or disparate impact, and ALDOT moves to dismiss all claims against it with prejudice.

However, in this Circuit, a pro se plaintiff "must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled on other grounds by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002); *see also Carter v. HSBC Mortg. Servs., Inc.*, 622 F. App'x 783, 786 (11th Cir. 2015) (explaining that *Bank* is controlling law for pro se plaintiffs). Leave to amend is not required only "(1) where the plaintiff has indicated that [he] does not wish to amend [his] complaint; and (2) where a more carefully drafted complaint could not state a claim and is, therefore, futile." *Carter*, 622 F. App'x at 786. Here, Plaintiff has not indicated that he does not wish to amend his

pleading, and, at this stage, it appears a more carefully drafted complaint *could* plausibly state a claim against ALDOT.[8]

When a defendant is faced with an insufficient pleading like Plaintiff's, "the defendant is expected to move the court, pursuant to Rule 12(e), to require the plaintiff to file a more definite statement." *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). Therefore, although ALDOT filed a motion to dismiss, the undersigned finds the more appropriate remedy at this juncture is to construe it as a motion seeking a more definite statement under Rule 12(e). *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018) (holding that, prior to "dismissing a shotgun complaint for noncompliance with Rule 8(a), a district court must give the plaintiff 'one chance to remedy such deficiencies'") (quoting *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018)).

## IV.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Defendant Alabama State Personnel Department's Motion to Dismiss (Doc. 18) be GRANTED;

---

[8] Unlike with SPD, Plaintiff's underlying EEOC Charge clearly alleges that ALDOT discriminated against Plaintiff by failing to hire him. *See* Doc. 16-1. Additionally, Plaintiff's Initial Complaint and First Amended Complaint state that, between 1992 and 1995, "ALDOT practiced discrimination in hiring." Docs. 1 at 2, 2 at 2. While the allegations in these documents cannot cure the scanty allegations in the superseding Second Amended Complaint, *see Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) ("[A]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary."), they at the very least demonstrate to the Court that Plaintiff allegedly applied for, and was denied, employment with ALDOT.

    2.       Defendant Alabama State Personnel Department—identified on the docket as State of Alabama Personnel Board—be DISMISSED from this action;

    3.       Defendant Alabama Department of Transportation's Motion to Dismiss (Doc. 16) be construed as a Motion for a More Definite Statement and be GRANTED to that extent; and

    4.       This case be referred back to the undersigned Magistrate Judge for an order directing Plaintiff to file an appropriate amended complaint.

It is further ORDERED that:

On or before **November 23, 2021**, the parties may file objections to this Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resol. Tr. Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 9th day of November, 2021.

                                     /s/ Kelly Fitzgerald Pate
                                     KELLY FITZGERALD PATE
                                     UNITED STATES MAGISTRATE JUDGE