IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALONZO HOWARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: 2:20-cv-969-ECM |
| ) | (WO) |
| STATE OF ALABAMA DEPARTMENT ) | |
| OF TRANSPORTATION, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the court is the Report and Recommendation of the Magistrate Judge (doc. 22) which recommends that Defendant Alabama State Personnel Department's motion to dismiss (doc. 18) be granted, and Defendant Alabama Department of Transportation's motion to dismiss (doc. 16) be construed as a motion for a more definite statement and be granted, and the case be referred back to the Magistrate Judge for further proceedings. On November 22, 2021, Defendant Alabama Department of Transportation filed an Objection to the Recommendation (doc. 24).

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507,

513 (11th Cir. 1990). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific to warrant *de novo* review. *See Stokes v. Singletary,* 952 F.2d 1567, 1576 (11th Cir. 1992) ("[w]henever any party files a timely and specific objection to a finding of fact by a magistrate, the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue.") (quoting *LoConte v. Dugger,* 847 F.2d 745, 750 (11th Cir. 1988)).

Two of the Defendant's objections merit discussion. First, the Defendant objects to the Magistrate Judge's conclusion that its' motion to dismiss should be construed as a motion for more definite statement and argues that the Magistrate Judge erred in allowing the Plaintiff to amend the complaint. The law in the Eleventh Circuit is clear.

> A district court's discretion to deny leave to amend a complaint is "severely restricted" by Fed. R. Civ. P. 15, which stresses that courts should freely give leave to amend "when justice so requires." *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988). "Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bank v. Pitt,* 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.,* 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (en banc) (overruling *Bank* as to counseled plaintiffs, but deciding "nothing about a party proceeding pro se").

*Woldeab v. Dekalb Cty. Bd. of Educ.,* 885 F.3d 1289, 1291 (11th Cir. 2018).

Although the Defendant argues that any amendment would be futile and the Plaintiff should not be permitted to amend the complaint to "add any claim outside of a disparate impact claim," the Court will not presuppose that the Plaintiff cannot cure the deficiencies in the complaint and allege a plausible claim of race discrimination. Clearly,

2

discrimination based on race is actionable, and "because a more carefully drafted complaint . . . *might* state a Title VII claim," the Defendant's objection on this basis is due to be overruled. *Id*. at 1292.

The Defendant also objects to the Magistrate Judge setting forth the *McDonnell Douglas*[1] elements in the Recommendation, and providing "the framework for Howard to amend his complaint to assert both a disparate treatment claim and disparate impact claim." (Doc. 24 at 6). The Court is required to advise the *pro se* Plaintiff of the deficiencies in his complaint and give him an opportunity to amend his complaint before dismissing the case with prejudice. *See Woldeab*, 855 F.3d at 1292. The Magistrate Judge's Recommendation did just that.

The Court has carefully reviewed the Recommendation of the Magistrate Judge, and the Defendant's objections, and the Court finds that the Defendant's objections are due to be overruled.

Accordingly, for the reasons as stated and for good cause, it is

ORDERED as follows:

1. the Defendant's objections (doc. 24) are OVERRULED;

2. the Recommendation of the Magistrate Judge (doc. 22) is ADOPTED;

3. Defendant Alabama State Personnel Department's motion to dismiss (doc. 18) is GRANTED and this Defendant is DISMISSED from this action.

---

[1] *See McDonnell-Douglas Corp. v. Green*, 411 U.S. 792 (1973).

4. Defendant Alabama Department of Transportation's motion to dismiss (doc. 16) is construed as a motion for more definite statement and is GRANTED to the extent that, on or before **January 5, 2022**, the Plaintiff may file an amended complaint in conformity with the requirements of Federal Rule of Civil Procedure, which details his claim(s) more precisely. The Plaintiff is specifically advised that he must present his claim(s) with clarity, setting forth facts that support his claim(s).

5. This case is referred back to the Magistrate Judge for further proceedings.

DONE this 16th day of December, 2021.

    /s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE