IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALONZO HOWARD, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|    v. | ) CIVIL ACTION NO.: 2:20-cv-969-ECM |
| | ) (WO) |
| ALABAMA DEPARTMENT | ) |
| OF TRANSPORTATION, | ) |
| | ) |
|    Defendant. | ) |

**MEMORANDUM OPINION and ORDER**

Now pending before the court is the Report and Recommendation of the Magistrate Judge (doc. 34) which recommends that the Defendant's motion to dismiss the third amended complaint (doc. 27) be denied, and the case be referred back to the Magistrate Judge for further proceedings. On July 15, 2022, the Defendant filed Objections to the Recommendation (doc. 35).

When a party makes timely and specific objections to findings in the report and recommendation, the district court must conduct a *de novo* review of the portions of the report to which objection is made. *See Stokes v. Singletary,* 952 F.2d 1567, 1576 (11th Cir. 1992) ("[w]henever any party files a timely and specific objection to a finding of fact by a magistrate, the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue.") (quoting *LoConte v. Dugger,* 847 F.2d 745, 750 (11th Cir. 1988)); *see also* 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter

to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).  The district judge reviews legal conclusions *de novo*, even in the absence of an objection. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

The Court has carefully reviewed the record in this case, the Recommendation of the Magistrate Judge, and the Defendant's objections. Upon *de novo* review of the Recommendation and the Defendant's objections thereto, the Court agrees with the Magistrate Judge's reasoning and conclusions.

The Defendant first objects to the Magistrate Judge's conclusion that the Plaintiff's third amended complaint adequately states a cause of action under *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).  A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (alteration in original) (citation omitted). This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678.  Moreover, "[c]ourts do and should show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education."  *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.

1998), *overruled on other grounds by Iqbal*, 550 U.S. 662.  A plaintiff's *pro se* status must be considered in conjunction with the pleading requirements of *Twombly* and *Iqbal*.  See *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).  "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  *Cf.* Fed.R.Civ.P. 8(e) ("All pleadings must be construed so as to do justice").

Construing Howard's complaint liberally in light of his *pro se* status and relying on Howard's own description of the facts at oral argument,[1] the Magistrate Judge found that Howard had sufficiently alleged claims of race discrimination.  The Defendant's objection was raised in its motion to dismiss, was thoroughly addressed by the Magistrate Judge, and rejected.  The Defendant's objection on this basis is an attempt to relitigate the issue without pointing to any error by the Magistrate Judge.  Thus, upon *de novo* review of the objection, the Court agrees with the Magistrate Judge's conclusion that the third amended complaint survives the motion to dismiss.

The Defendant next objects to the Magistrate Judge's "determination that all claims in the complaint are tolled." (Doc. 35 at 7).  The Court first notes that the Magistrate Judge simply concluded that at this stage of the pleadings, she "cannot recommend dismissal of the Plaintiff's claims" on the basis that his claims were not tolled. (Doc. 34 at 6).  She

---

[1] The Magistrate Judge found that at oral argument on the motion to dismiss, Howard elaborated sufficiently on his claims to provide the Defendant with the bases of his claims.

3

rightfully concluded that on the record before her, there was "no definitive evidence demonstrating that *Reynolds* excluded claims arisings after a particular date." (*Id.*).

Relying on *American Pipe & Const. Co. v. Utah*, 414 U.S. 538 (1974), the Defendant asserts that "as pled, Mr. Howard has not alleged sufficient factual information to establish his individual claims are in fact tolled by the *Reynolds* class action." (Doc. 35 at 9). The Court concludes that *American Pipe* is inapposite. In *American Pipe*, the lower court denied class action status which is not the case in *Reynolds*. Moreover, the Supreme Court held

> that the rule most consistent with federal class action procedure must be that the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action.
>
> \* \* \*
>
> The policies of ensuring essential fairness to defendants and of barring a plaintiff who "has slept on his rights," *Burnett* v. *New York Central R. Co.,* 380 U.S. 424, 428, are satisfied when, as here, a named plaintiff who is found to be representative of a class commences a suit and thereby notifies the defendants not only of the substantive claims being brought against them, but also of the number and generic identities of the potential plaintiffs who may participate in the judgment. Within the period set by the statute of limitations, the defendants have the essential information necessary to determine both the subject matter and size of the prospective litigation, . . .

414 U.S. at 554–55.

In its objections, the Defendant argues that none of Howard's claims were tolled by the *Reynolds* class action. However, in its objection, the Defendant concedes that "Mr. Howard is a former member of the hiring class." (Doc. 35 at 19). In essence, the Defendant

4

is arguing that because Howard's claims are not tolled by *Reynolds*, his claims are barred by the statute of limitations. Dismissal on the statute of limitations is only appropriate "if it is apparent from the face of the complaint that the claim is time-barred." *See Gonsalvez v. Celebrity Cruises Inc.*, 750 F.3d 1195, 1197 (11th Cir. 2013) (quoting *La Grasta v. First Union Sec., Inc.,* 358 F.3d 840, 845 (11th Cir. 2004) (quotation marks omitted)). To determine whether Howard's claims are tolled or time-barred, the Court would be required to consider material outside the complaint which the Court is not inclined to do in this case. "[A] court is not required to consider matters outside the pleadings; rather whether to consider such matters is within the court's discretion." *Hesed-El v. McCord*, 2019 WL 1441624, *3 n.6 (S.D. Ga. 2019). Because it is not apparent from the face of the complaint that Howard's claims are tolled by *Reynolds* or barred by the statute of limitations, at this stage of the proceedings, the Defendant's motion to dismiss is due to be denied.

The Court has carefully reviewed the Recommendation of the Magistrate Judge and the Defendant's objections. The Court concludes that for the reasons stated in the Recommendation, with which the Court concurs, the Defendant's objections are due to be overruled.

Accordingly, for the reasons as stated and for good cause, it is

ORDERED as follows:

1. The Defendant's objections (doc. 35) are OVERRULED.

2. The Recommendation of the Magistrate Judge (doc. 34) is ADOPTED.

3. The Alabama Department of Transportation's motion to dismiss (doc. 27) is DENIED.

4.      This case is referred back to the Magistrate Judge for further proceedings.

DONE this 15th day of August, 2022.

                                        /s/   Emily C. Marks  
                                  EMILY C. MARKS  
                                  CHIEF UNITED STATES DISTRICT JUDGE